UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Kit Brown #08193-003,<br><br>    Plaintiff,<br><br> v.<br><br>John J. Lemanna, Warden, Edgefield Correctional Institution; Bill Pierce, FCI-Edgefield Maintence; Lemer Harris, FCI-Edgefield Safety Department ,<br><br>    Defendants. | C/A No. 4:05-1380-GRA-TER<br><br>ORDER<br>(Written Opinion) |

  This matter is before the Court for a review of the magistrate's Report and Recommendation filed on September 12, 2005, and made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C.  Plaintiff filed this action seeking relief pursuant to 42 U.S.C. § 1983 on May 19, 2005.  On August 2, 2005 the defendants filed a motion to dismiss or, in the alternative, for summary judgment.  On August 2, 2005, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. The plaintiff was specifically advised that if he failed to respond, this action would be dismissed for failure to prosecute.

  The Plaintiff has failed to respond to the defendants' motion. In the Report, the magistrate recommends dismissing this action for failure to prosecute.  For the reasons stated herein, the recommendations of the magistrate are adopted, and the case is dismissed.

  Plaintiff brings this action *pro se*.  This Court is required to construe *pro se* pleadings

1

liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id*.

In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Objections to the Report and Recommendation have not been filed.

After a review of the magistrate's Report and Recommendation, this Court finds the report is based upon the proper law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS THEREFORE ORDERED that this action be DISMISSED for failure to prosecute.

IT IS SO ORDERED.

                                              */s/ G. Ross Anderson, Jr./*

                                         G. ROSS ANDERSON, JR.

Anderson, South Carolina         UNITED STATES DISTRICT JUDGE

October 3, 2005.

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified within Rule 4, will waive the right to appeal.